UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| CLEVELAND MCGUIRE, Plaintiff, v. MUNDY COMPANIES INC., Defendant. | § § § § § § § § | CIVIL ACTION NO._____ <br><br><br><br><br><br> DEMAND FOR JURY TRIAL |
|---|---|---|

**Plaintiff Cleveland McGuire's Original Complaint**

To the Honorable United States District Judge:

COMES NOW Cleveland McGuire ("McGuire" or "Plaintiff"), and files his Original Complaint, complaining of Mundy Companies Inc. ("Mundy" or "Defendants") for violations of Title VII of the Civil Rights Act of 1964, as amended, and violations of 42 U.S.C. § 1981.

## PARTIES

1. The plaintiff, Cleveland McGuire, is an African-American individual who resides in Houston, Harris County, Texas.

2. The defendant The Mundy Companies Inc. d/b/a Mundy Maintenance Service & Operations, LLC is a private corporation that conducts business in Houston, Harris County, Texas. It may be served by serving its registered agent, Sara J Cole, at 11150 South Wilcrest Dr., Houston, Texas 77099.

1

3. Plaintiff at all times herein relevant was an employee, de facto employee, or applicant for employment with Mundy.

4. At all times mentioned in the causes of action into which this paragraph is incorporated by reference, each and every defendant was the agent or employee of each and every other defendant. In doing the things alleged in the causes of action into which this paragraph is incorporated by reference, each and every defendant was acting with the consent, permission, and authorization of each remaining defendant. All actions of each defendant alleged in the causes of action into which this paragraph is incorporated by reference were ratified and approved by the officers or managing agents of every other defendant.

## JURISDICTION & VENUE

5. This case is brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 200e et seq. and 42 U.S.C. § 1981. This Court has jurisdiction of this case according to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

6. This Court has supplemental jurisdiction over Plaintiff's state statutory and common law causes of action arising out of the same case or controversy as the civil action over which this Court has original jurisdiction. 28 U.S.C. § 1367(a).

7. The unlawful employment practices described herein were committed in the Southern District of Texas, and, on information and belief, all records

relevant to the causes of action alleged in this complaint are kept in the Southern District of Texas.  Venue is invoked pursuant to 28 U.S.C. § 1391.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8.      Plaintiff timely filed a charge of discrimination on November 8, 2013, to challenge the race and age discrimination he suffered.  Plaintiff has received a right to sue letter on this charge and timely files this lawsuit to vindicate his rights.  Plaintiff has exhausted all applicable administrative remedies.

## FACTUAL BACKGROUND

9.      Plaintiff is an African-American male who worked for Defendant as a General Foreman at the FMC plant location.  He was hired in 2007 and oversaw the maintenance operations at the plant.  Throughout his career with Defendant, Plaintiff has served in various roles never receiving a complaint or reprimand.  Plaintiff was the sole black male in a supervisory role at this worksite location.

10.     On or about October 9, 2013, Plaintiff was working his normal duties as general foreman of the maintenance crew assigned to the FMC plant when Terry Price, a white female warehouse worker, questioned Plaintiff about another employee's use of a "buggy" that she incorrectly believed was assigned to her.  Plaintiff informed Ms. Price that the individual, a black male currently using the buggy, had been assigned to use it for clean up duties.  Visibly upset, Ms. Price began to shout racial slurs to Plaintiff.  She stated, "I am tired of being mistreated

by 'mother fuckers' and you 'niggers' should go back to where you came from." After an attempt to calm her down, she exited Plaintiff's office and continued to shout in the work area, "I am tired of 'mother fucking niggers' mistreating me."

11. Numerous employees working that night witnessed Ms. Price's racially-charged discriminatory outburst directed towards Plaintiff.

12. Plaintiff raised a complaint of discrimination in two separate ways. First on the night of the incident, he reported the racial slurs to Nick Edgerly, FMC shift leader. Then he reported the incident the following day to his direct supervisor, Mike Ham, Mundy Superintendent. Defendant took no action concerning the discriminatory conduct by Ms. Price.

13. After Plaintiff's report of Ms. Price's discriminatory conduct and language, he was informed that she filed a sexual harassment claim. In her unsubstantiated allegations, Ms. Price claims that Plaintiff made sexual comments towards her. Ms. Price's reports of sexual harassment occurred after the October 9 incident where she was witnessed using racial slurs directed towards Plaintiff.

14. Rather than initiating a proper investigation into the false allegations, pursuant to company policies and procedures, Defendant wrongfully terminated Plaintiff's employment on October 21, 2013. Defendant cited a "reduction in force" as the pretextual reason for Plaintiff's termination. Paul (last name unknown), a white male, immediately filled the Plaintiff's position as general

4

foreman. Other white employees were afforded investigations and company procedures were followed when allegations arose concerning them. Defendant intentionally did not afford equal terms and rights of employment to Plaintiff when it failed to follow company policies as it did for other employees of a different race.

15.     After numerous complaints by Plaintiff about Defendant's disparate treatment, he was rehired to a lower-paying assignment at another worksite. On or about November 1, 2013, Plaintiff began his job assignment at the Styrolution America worksite.

16.     Plaintiff filed an EEOC charge on November 8, 2013. After receiving notice of his discrimination complaint, Defendant moved quickly to retaliate against Plaintiff. On December 16, 2013, Defendant again retaliated against Plaintiff by terminating his employment. Defendant cited a "reduction in force" as the pretextual basis for his termination. Plaintiff was the most senior employee working in the crew when he was terminated.

## FIRST CLAIM FOR RELIEF
42 U.S.C. § 1981

17.     Plaintiff incorporates by reference each and every paragraph of the facts and allegations stated in this Original Complaint as if fully pleaded at length herein.

18. This is an action for damages arising out of racial discrimination in the making, enforcement performance, modification, and termination of contracts. Plaintiff was denied the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship. At all times relevant herein, Plaintiff's job performance was always satisfactory or better.

19. Defendants, as alleged herein, discriminated against Plaintiff as follows: denial of pay, unwarranted disciplinary action, wrongful termination, threats and intimidation, and harassment. Plaintiff was deprived of rights, which, under similar circumstances, would have been accorded to a person of a different race.

20. As a result of the racial discrimination as described herein, Plaintiff has been held up to great derision and embarrassment by his fellow coworkers, friends, and members of the community. Plaintiff has suffered emotional distress because Defendants have subjected him to disparate treatment on account of race. Plaintiff is informed and believes that Defendants discriminated against him knowing that such discrimination would cause severe emotional distress. Plaintiff therefore seeks damages for such emotional distress in an amount to be proved at the time of trial.

21. Because of the wrongful acts of Defendants as alleged herein, Plaintiff has been and will be required to employ physicians to examine, treat and care for

them and will incur additional medical and economic damages in an amount to be proven at the time of trial.

22. As a result of the wrongful conduct as described herein, Plaintiff has been denied employment, denied promotions, and denied raises. As a result, Plaintiff seeks an award of back pay, front pay, and injunctive relief, according to proof at time of trial.

23. In doing the acts set forth above, Defendants acted intentionally, and with a conscious disregard of Plaintiff's right to equal employment opportunities regardless of race. Defendants have acted, and continue to act, with a reckless disregard of their obligations under the law. The Defendants' conduct, as alleged herein, was and is despicable, malicious and oppressive. The Plaintiff is therefore entitled to an award of punitive damages in an amount to be proven at the time of trial.

**SECOND CLAIM FOR RELIEF**
Race Discrimination (Title VII)

24. Plaintiff incorporates by reference each and every paragraph of the facts and allegations stated in this Original Complaint as if fully pleaded at length herein.

25. This is an action for damages arising out of racial discrimination in employment. At all times relevant herein, Plaintiff's job performance was always satisfactory or better.

7

26. Defendants, as alleged herein, discriminated against Plaintiff as follows: denial of pay, unwarranted disciplinary action, wrongful termination, threats and intimidation, and harassment.

27. As a result of the racial discrimination as described herein, Plaintiff has been held up to great derision and embarrassment by his fellow coworkers, friends, and members of the community. Plaintiff has suffered emotional distress because Defendants have subjected him to disparate treatment on account of race. Plaintiff is informed and believes that Defendants discriminated against him knowing that such discrimination would cause severe emotional distress. Plaintiff therefore seeks damages for such emotional distress in an amount to be proved at the time of trial.

28. Because of the wrongful acts of Defendants as alleged herein, Plaintiff has been and will be required to employ physicians to examine, treat and care for them and will incur additional medical and economic damages in an amount to be proven at the time of trial.

29. As a result of the wrongful conduct as described herein, Plaintiff has been denied employment, denied promotions, and denied raises. As a result, Plaintiff seeks an award of back pay, front pay, and injunctive relief, according to proof at time of trial.

30. In doing the acts set forth above, Defendants acted intentionally, and with a conscious disregard of Plaintiff's right to equal employment opportunities regardless of race. Defendants have acted, and continue to act, with a reckless disregard of their obligations under the law. The Defendants' conduct, as alleged herein, was and is despicable, malicious and oppressive. The Plaintiff is therefore entitled to an award of punitive damages in an amount to be proven at the time of trial.

## THIRD CLAIM FOR RELIEF
Retaliation (Title VII)

31. Plaintiff incorporates by reference each and every paragraph of the facts and allegations stated in this Original Complaint as if fully pleaded at length herein.

32. This is an action for damages arising out of retaliation in employment. At all times relevant herein, Plaintiff's job performance was always satisfactory or better.

33. Defendants, as alleged herein, retaliated against Plaintiff for making complaints of discrimination and harassment as follows: refusal to hire, denial of promotions and pay, denial of raises, unwarranted disciplinary action, unwarranted negative performance appraisals, denial of training and assistance, denial of work hours, threats and intimidation, assignment of menial tasks, and harassment.

34. As a result of the retaliation as described herein, Plaintiff has been held up to great derision and embarrassment by his fellow coworkers, friends, and members of the community. Plaintiff has suffered emotional distress because Defendants have subjected him to retaliation because of his complaints of discrimination and harassment. Plaintiff is informed and believes that Defendants retaliated against them knowing that such retaliation would cause severe emotional distress. Plaintiff therefore seeks damages for such emotional distress in an amount to be proved at the time of trial.

35. Because of the wrongful acts of Defendants as alleged herein, Plaintiff has been and will be required to employ physicians to examine, treat and care for them and will incur additional medical and economic damages in an amount to be proven at the time of trial.

36. As a result of the wrongful conduct as described herein, Plaintiff has been denied employment, denied promotions, and denied raises. As a result, Plaintiff seeks an award of back pay, front pay, and injunctive relief, according to proof at the time of trial.

37. In doing the acts set forth above, Defendants acted intentionally, and with a conscious disregard of Plaintiff's right to equal employment opportunities regardless of his complaints. Defendants have acted, and continue to act, with a reckless disregard of their obligations under the law. The Defendants' conduct, as

alleged herein, was and is despicable, malicious and oppressive. The Plaintiff is therefore entitled to an award of punitive damages in an amount to be proven at the time of trial.

### FOURTH CLAIM FOR RELIEF
Age Discrimination (Title VII)

38. Plaintiff incorporates by reference each and every paragraph of the facts and allegations stated in this Original Complaint as if fully pleaded at length herein.

39. This is an action for damages arising out of age discrimination in employment. At all times relevant herein, Plaintiff's job performance was always satisfactory or better.

40. Defendants, as alleged herein, discriminated against Plaintiff as follows: denial of pay, unwarranted disciplinary action, wrongful termination, threats and intimidation, and harassment.

41. As a result of the age discrimination as described herein, Plaintiff has been held up to great derision and embarrassment by his fellow coworkers, friends, and members of the community. Plaintiff has suffered emotional distress because Defendants have subjected him to disparate treatment on account of race. Plaintiff is informed and believes that Defendants discriminated against him knowing that such discrimination would cause severe emotional distress. Plaintiff therefore

seeks damages for such emotional distress in an amount to be proved at the time of trial.

42. Because of the wrongful acts of Defendants as alleged herein, Plaintiff has been and will be required to employ physicians to examine, treat and care for them and will incur additional medical and economic damages in an amount to be proven at the time of trial.

43. As a result of the wrongful conduct as described herein, Plaintiff has been denied employment, denied promotions, and denied raises. As a result, Plaintiff seeks an award of back pay, front pay, and injunctive relief, according to proof at time of trial.

44. In doing the acts set forth above, Defendants acted intentionally, and with a conscious disregard of Plaintiff's right to equal employment opportunities regardless of age. Defendants have acted, and continue to act, with a reckless disregard of their obligations under the law. The Defendants' conduct, as alleged herein, was and is despicable, malicious and oppressive. The Plaintiff is therefore entitled to an award of punitive damages in an amount to be proven at the time of trial.

## **DEMAND FOR JURY TRIAL**

45. Plaintiff hereby requests a jury trial for all claims.

## **PRAYER FOR RELIEF**

46. Wherefore, Plaintiff prays that the Court grant him the following relief:

A. Compensatory damages;

B. Back pay including lost wages and benefits that would have been paid from the date of the retaliation until the trial date;

C. Front pay including future bonuses, lost earnings and benefits;

D. Damages for mental pain and suffering;

E. Reasonable attorneys' fees;

F. Costs of suit;

G. Punitive damages;

H. Injunctive relief;

I. All other and further relief to which Plaintiff may show himself justly entitled.

(SIGNATURE BLOCK ON NEXT PAGE)

Respectfully submitted,

Law Office of Chukwudi Egbuonu

<u>/s/ Chukwudi Egbuonu</u>*
Chukwudi Egbuonu
State Bar No. 24081838
Federal I.D. No. 2365112
11805 Chimney Rock, #310244
Houston, Texas 77231
Phone: (713) 635-9488
Fax:    (832) 426-5792
celawgroup@gmail.com

* Attorney in charge for Cleveland McGuire

14